Michael R. Watts (SBN 312210)
Michael.Watts@jacksonlewis.com
Fiona Chin (SBN 365046)
Fiona.Chin@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
TFC PARTNERS, INC. d/b/a NFC AMENITY MANAGEMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BADON KAZI,<br><br>Plaintiff,<br><br>vs.<br><br>TFC PARTNERS, INC. d/b/a NFC AMENITY MANAGEMENT,<br><br>Defendant. | CASE NO.:<br><br>**TFC PARTNERS, INC. d/b/a NFC AMENITY MANAGEMENT'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT**<br><br>[Diversity: 28 U.S.C. §§ 1332, 1441, and 1446]<br><br>[Filed concurrently with Declarations of Michael R. Watts and Kristin Badalamenti; Civil Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement]<br><br>LASC Complaint Filed:  July 30, 2025 |

/ / /

Case No:  1  NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF BADON KAZI:**

**PLEASE TAKE NOTICE** that Defendant TFC PARTNERS, INC. d/b/a NFC AMENITY MANAGEMENT, ("Defendant"), hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), (b), and 28 U.S.C. § 1446. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Defendant will provide evidence to support the allegations of this pleading in response to any challenge to the Court's jurisdiction.[1]

## STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over the instant action under 28 U.S.C. § 1332(a) because this matter is between citizens of different States and the amount in controversy exceeds $75,000.

2.      Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because diversity of citizenship exists between Plaintiff BADON KAZI ("Plaintiff") and Defendant, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

---

[1]     A removing defendant is required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend,* 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

Case No:                                                           2                NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

**VENUE**

3. The instant action was filed in the California Superior Court for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(b), 1441(a), and 1446(a).

**COMPLIANCE WITH STATUTORY REQUIREMENTS**

4. On July 30, 2025, Plaintiff filed a civil complaint entitled *Badon Kazi v. TFC Partners/D.B.A. NFC Amenity*, in the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV22326 (the "Complaint"). Declaration of Michael Watts ("Watts Decl.") ¶ 2. The Complaint sets forth what appears to be three causes of action: (1) Negligent Infliction of Emotional Distress; (2) False Statements to the Employment Development Department; and (3) Retaliation. Watts Decl. ¶¶ 2, 5, Exhibit ("Ex.") A.

5. On August 1, 2025, the Superior Court filed a Notice of Case Management Conference. Watts Decl. ¶ 3.

6. On November 12, 2025, Plaintiff filed a "Legal Memorandum in Support of My Case|Damage Increase to $30,000,000 Further Emotional Distress Experienced." Watts Decl. ¶ 4.

7. On February 11, 2026, Plaintiff served copies of the Summons and Complaint, and related court documents on the agent of service of process for Defendant. Watts Decl. ¶ 5. True and correct copies of the Summons, Complaint, and related court documents served on Defendant are attached as **Exhibit A** to the Watts Declaration.

8. On February 11, 2026, Plaintiff also served a copy of his Statement of Damages on the agent of service of process for Defendant. Watts Decl. ¶ 6. A true and correct copy of the Statement of Damages is attached as **Exhibit B** to the Watts Declaration.

9. As of the date of this Notice of Removal, Exhibits A, B, and C to the Watts Declaration constitute all of the pleadings, process or orders that have been filed in this action. Watts Decl. ¶¶ 5-7.

## THIS REMOVAL IS TIMELY

10.   This removal has been filed within (30) thirty days after Defendant was served with a copy of the Summons and Complaint on February 11, 2026.  Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by a named defendant).

## THE CITIZENSHIP OF PLAINTIFF IS DIVERSE FROM THAT OF DEFENDANT

11.   The parties to this action are citizens of different States.

12.   Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004).

13.   For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983).

14.   Plaintiff's Complaint and Proof of Service indicates that he resides at 451 S. Harvard Boulevard, 317, Los Angeles, CA 90020. Watts Decl. ¶¶ 2, 5, Ex. A ("Complaint"). Plaintiff's Complaint also indicates he worked on-site at multiple properties owned by Defendant in the Los Angeles area. *Id.* at 2. Accordingly, Plaintiff is and was a citizen of California at the time he worked for Defendant and filed his Complaint. *Kantor*, *supra,* 704 F.2d 1088.

15.   A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the

| Case No: | 4 | NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT |

corporation's activities. *Id*.

16.     Unlike Plaintiff, Defendant is not a citizen of California.  Defendant is incorporated under the laws of the State of Delaware with a principal place of business in the State of New Jersey.  Defendant's main office is located at 200 Main Street, Asbury Park, New Jersey 07712.  Accordingly, Defendant is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Hertz Corp.*, 559 U.S. at 80-81.

17.     Therefore, because Plaintiff is a citizen of California, and the sole named Defendant is not a citizen of California, this action is brought between citizens of different States under the definition of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

18.     This action also meets the amount in controversy requirement.  28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors addressed above, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff's Complaint specifies that he is owed damages in the amount of $13,000,000. Plaintiff then filed a "Legal Memorandum in Support of My Case|Damage Increase to $30,000,000 Further Emotional Distress Experience" indicating that the damages incurred should be raised to $30,000,000. Plaintiff then served Defendant a Statement of Damages that indicates his damages are $3,010,000. Watts Decl. ¶¶ 2, 4-7, Exs. A-C.

19.     The amount in controversy may include general and special compensatory damages, and attorney's fees which are recoverable by statute. *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (holding that general damages for emotional distress are included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-1156 (9th Cir. 1998), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). Punitive damages and civil penalties are also included in calculating the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D.

Cal. 2002).

20.    In measuring the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), *citing with approval Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability"); and *Angus v. Shiley Inc.*, 989 F. 2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 840, n. 1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969).

21.    Here, though Defendant concedes no liability on Plaintiff's claims, the preponderance of the evidence demonstrates that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement in this action.  Plaintiff's Complaint seeks damages of $13,000,000. Watts Decl. ¶¶ 2, Ex. A ("Complaint"). Plaintiff also filed a Statement of Damages which indicates he seeks to recover $2,000,000 in emotional distress damages, $53,568 in past lost wages, $56,432 in future lost wages, and $900,000 in punitive damages. *See* Watts Decl. ¶¶ 2, 6, Ex. B, Statement of Damages.

22.    As Plaintiff has alleged damages in excess of $75,000; and, it cannot be said to a legal certainty that Plaintiff would not be entitled to recover more than the jurisdictional amount if Plaintiff prevails at trial, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied and the instant removal is proper.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

## **SERVICE ON PLAINTIFF AND THE STATE COURT**

23.    Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this

Case No:                                                                6                    NOTICE OF REMOVAL OF ACTION FROM STATE
COURT TO THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT

Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff and the Clerk of the Los Angeles County Superior Court.   Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

### NO ADMISSION

24.   Defendant does not concede in any way that the allegations in the Complaint are accurate, nor does Defendant concede that Plaintiff is entitled to damages of any kind, including any compensatory or statutory damages, injunctive relief, restitution, punitive damages, attorneys' fees, or any other relief.

25.   The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, the action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated:  March 12, 2026                    JACKSON LEWIS P.C.

By:  _Michael Watts_
     _____
     Michael R. Watts
     Fiona Chin

     Attorneys for Defendant
     TFC PARTNERS, INC. d/b/a NFC AMENITY
     MANAGEMENT

4914-8168-6930, v. 1

Case No:                              7        NOTICE OF REMOVAL OF ACTION FROM STATE
                                               COURT TO THE UNITED STATES DISTRICT
                                               COURT FOR THE CENTRAL DISTRICT